UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN DANIEL SANTOS
SAGASTIZADO,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX, *et al*.,

Respondents.

Case No.   1:26-cv-03798 (EJD)

**ORDER GRANTING MOTION FOR
TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 4

On May 18, 2026, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). Dkt. 1. That same day, Petitioner also filed a motion for temporary restraining order requesting his immediate release. Dkt. 3. On May 19, 2026, the court set a briefing schedule as to Petitioner's motion for a temporary restraining order and ordered that Petitioner be appointed counsel. Petitioner filed an Amended Petition for Writ of Habeas Corpus through appointed counsel on May 29, 2026. For the reasons that follow, the Court converts the motion for a temporary restraining order to a preliminary injunction and GRANTS the motion.

## I.    BACKGROUND

Petitioner is a citizen of Honduras who entered the United States on March 14, 2019 as a minor. Dkt. 15 ¶ 5. Upon entry, he was "encountered" by a U.S. Customs and Border Patrol Agent "in the El Paso, Texas Board Patrol Sector[]" and was "arrested and transported to the Clint, Texas Station for further processing[.]" Dkt. 9-2 at 2. The Department of Homeland Security ("DHS") then elected to release Petitioner, purportedly on his own recognizance. *See* Dkt. 15 ¶ 20; Dkt. 9-1 at 2. Since his release over seven years ago, Petitioner has received work authorization from USCIS, obtained a

Case No.: 1:26-cv-03798-EJD

United States District Court
Eastern District of California

social security number and a valid drivers license, and started a family. *See* Dkt. 15 ¶¶ 21–22.

Petitioner was re-detained by Immigrations and Customers Enforcement ("ICE") on March 27, 2026 while he was driving to work. *Id*. ¶ 23. Shortly thereafter, Petitioner requested and was granted a custody redetermination hearing pursuant to 8 C.F.R. § 1236. Dkt. 9-4. On May 6, 2026, an Immigration Judge ("IJ") denied any form of release or bond, finding that it had no jurisdiction to grant such a request. Petitioner has been detained for approximately two months at the Golden State Annex in McFarland, California. *See* Dkt. 15 ¶ 1.

## II.    LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Respondents had notice and opportunity to respond in opposition, *see* Dkt. 9, and neither party objected to converting the motion to a motion for preliminary injunction or requested a hearing. Petitioner's motion is therefore converted to a motion for preliminary injunction.

To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008).

## III.    DISCUSSION

### A.    Likelihood of Success on the Merits

Respondents make two arguments with respect to the first *Winter* factor. First, Respondents argue that Petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Dkt. 9 at 3–4), and second that the petition should be dismissed as a successive petition (*id*. at 2). Respondents' first argument has been rejected by this Court, and many others throughout the United States. *See Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477, at *2 (E.D. Cal. May 14, 2026);

Case No.: 1:26-cv-03798-EJD

2

United States District Court
Eastern District of California

*Perez Blas, v. California City*, No. 1:26-CV-03523, at *2 (EJD), 2026 WL 1407951 (E.D. Cal. May 19, 2026); *Velasquez-Quevedo v. H.G.*, No. 1:26-CV-03751-EJD, 2026 WL 1541795, at *2 (E.D. Cal. June 1, 2026). The Court adopts its prior reasoning in rejecting this argument again here.

Respondents also noted that Petitioner has previously filed a petition in the Middle District of Florida which was denied. Dkt. 9 at 2. Respondents argue that Petitioner's prior petition renders the instant Petition successive and request that it be denied on that basis. *Id*. Respondents have attached to their opposition the order entered in the Middle District of Florida denying the prior habeas petition. Dkt. 9-1. In that order, the court held that Petitioner was properly subject to 8 U.S.C. § 1225(b)(2) as an "applicant for admission" despite his prior release by DHS into the United States. *Id*. at 3–6. Respondents argue that Petitioner's instant petition is thus barred by the abuse of the writ doctrine. Dkt. 9 at 2.

"The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241." *Rodriguez Mendoza, v. Warden*, No. 1:26-CV-03785-DAD-CSK (HC), 2026 WL 1481759, at *2 (E.D. Cal. May 27, 2026) (citing *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000)). However, the Ninth Circuit has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Id.*

Here, the Middle District of Florida found that since Petitioner was "apprehended at the border" in 2019 and not formally "admitted" to the United States at that time, he was properly treated as subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). Shortly after this order was entered, the Eleventh Circuit rejected this reading of § 1225(b)(2)(A). *Hernandez Alvarez v.*

Case No.: 1:26-cv-03798-EJD

*Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1266 (11th Cir. 2026) (rejecting the government's position that all persons who entered the United States unlawfully and are present are "applicants for admission" who are "seeking admission" as being contrary to the text of 8 U.S.C. § 1225 and the structure of the INA). This intervening controlling authority within the Eleventh Circuit renders reconsideration of the order from the Middle District of Florida appropriate as a fundamental miscarriage of justice would result from failing to entertain Petitioner's claims. The Petition is therefore not barred as successive.

Considering the merits of the Petition, Respondents fail to identify any other statutory framework which would justify the continued detention of Petitioner, aside from § 1225(b)(2), notably failing to argue that Petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a). Accordingly, the Court finds there is a strong likelihood of success that Petitioner will prevail on his claim that his continued detention violates the Immigration and Nationality Act. *See Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026) (granting habeas petition and ordering release where Respondents failed to articulate lawful basis for detention); *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026) (same).

There is also a strong likelihood that Petitioner will prevail on his due process claim. As Petitioner was previously detained and released by ICE on his own recognizance in 2019, he retains a strong liberty interest in his continued freedom. *See, e.g.*, *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration

Case No.: 1:26-cv-03798-EJD

4

United States District Court
Eastern District of California

custody on bond have a protectable liberty interest in remaining out of custody on bond."). As courts throughout this district have found on similar facts, where an individual is previously released by the government, due process requires that the government show changed circumstances at a pre-deprivation hearing prior to re-detention. *See Zepeda Perez v. Santacruz*, No. 2:26-CV-01749-DMG-AYP, 2026 WL 980492, at \*2 (C.D. Cal. Apr. 9, 2026) ("in the context of immigration re-detention: once the government has made a prior release determination, it cannot later re-detain the individual without evidence of materially changed circumstances and without providing prompt, adequate process before depriving the person of liberty."). Respondents failure to provide such a hearing here likely violated Petitioner's due process rights.

### B.    Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention" and holding that plaintiffs had "established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time"). Where the alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *See Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005). Given that Petitioner has been detained for over two months without a lawful basis for his continued detention or the opportunity to challenge it, the court finds that he would be irreparably harmed by the continued deprivation of his liberty in violation of his due process rights.

### C.    Balance of the Equities

As for the balance of equities and the public interest factors of the inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors Petitioner. Although the Government has a strong interest in enforcing the immigration laws, the Government's interest in detaining Petitioner without appropriate statutory

Case No.: 1:26-cv-03798-EJD

authority and in violation of his due process rights is low. In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). As such, the equities lean towards Petitioner.

## IV.     CONCLUSION AND ORDER

1.      Petitioner's Motion for a temporary restraining order is converted to a motion for a preliminary injunction and is GRANTED.

2.      Respondents must IMMEDIATELY RELEASE Petitioner from custody.

3.      Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

4.      If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5.      Respondents are ORDERED TO SHOW CAUSE why this Court should not enter final judgment on the merits of Petitioner's Amended Habeas Petition. Respondents shall file responsive papers by June 29, 2026. Petitioner may file a reply by July 6, 2026. The matter is not set for a hearing, though the Court may set one should it later be determined that a hearing is necessary.

6.      The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

**IT IS SO ORDERED.**

Dated: June 8, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-03798-EJD

United States District Court
Eastern District of California